IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 16 2018

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

**TOMMY MARSHALL**                                                                   PLAINTIFF

vs.                               No. 4:18-cv-254-BSM

**MWF CONSTRUCTION, LLC,**                                                      DEFENDANT
**and MATT FOSTER**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Tommy Marshall, by and through his attorneys Sean Short and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendants MWF Construction, LLC, and Matt Foster (collectively "Defendants"), he does hereby state and allege as follows:

This case assigned to District Judge Miller
and to Magistrate Judge Ray

### I. PRELIMINARY STATEMENTS

1.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, and a reasonable attorney's fee as a result of Defendants' failure to pay Plaintiff minimum and overtime wages as required by the FLSA and AMWA.

## II. JURISDICTION AND VENUE

2. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

4. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

6. Plaintiff was employed by Defendants as a construction worker, working in the Western Division of the Eastern District of Arkansas.

7. The acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff Tommy Marshall is an individual and a resident and domiciliary of the State of Arkansas.

9. Defendant MWF Construction, LLC ("MWF"), is a domestic, limited liability company..

10. Defendant Matt Foster ("Foster") is an individual who resides in the State of Arkansas.

11. Foster serves as the registered agent of MWF, and he keeps an address at 2215 South Louisiana Street, Little Rock, Arkansas 72206.

12. Foster is principal and/or director and/or officer of MWF.

13. Upon information and belief, Foster manages and controls the operation of MWF and dictates the employment policies of MWF, including but not limited to the decision to classify certain construction workers as independent contractors.

14. At all times relevant hereto, Foster had the power to hire and fire employees of MWF, supervised and set wages and wage policies for MWF's employees.

15. Upon information and belief, Foster owns all or part of MWF.

16. MWF is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant hereto, Plaintiff's employer.

17. Foster is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant hereto, Plaintiff's employer.

18. Defendants maintain a website at http://www.mwfconstructionusa.com/.

19. Defendants provide construction and restoration services throughout the Little Rock area.

20. During the relevant time, Defendants had at least some employees who engaged in interstate commerce or in the production of goods for interstate

commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, including, but not limited to, items such as hand tools, power tools, hard hats, as well as construction supplies such as piping, lumber and wiring.

21. Defendants' annual gross volume of sales for each of the four years preceding the filing of the Original Complaint in this case is not less than $500,000.00.

22. Defendants employed more than four employees within the State of Arkansas during each of the four years preceding the filing of the Original Complaint.

## IV. FACTUAL ALLEGATIONS

23. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

24. During the relevant time, Plaintiff performed construction services on behalf of Defendants.

25. Plaintiff worked for Defendants during a period beginning around November of 2017 through March 16, 2018.

26. Plaintiff worked for Defendants as a security guard from November of 2017 until around December of 2017.

27. Starting in December of 2017, Plaintiff worked for Defendants as a foreman construction worker.

28. Plaintiff has not financially invested in the company.

29. Plaintiff does not share in the profits or losses of the company.

30. Plaintiff has no control over his work environment. Defendants, not Plaintiff, arrange all work for Plaintiff.

31. Defendants set rules and have complete control over the location and manner of work to be performed, and Plaintiff has to obey these rules or risk the loss of his job.

32. During the relevant time, Plaintiff performed general construction labor for Defendants for more than forty hours in at least one workweek.

33. In fact, Plaintiff worked for Defendants for more than forty hours in many workweeks during the relevant time.

34. Defendants paid Plaintiff a regular rate for all hours that he worked.

35. Defendants failed to pay Plaintiff one and one-half time Plaintiff's regular rate for all hours worked over forty in a workweek.

36. At all relevant times, Defendants knew or should have known that the FLSA applied to the operation of a construction and restoration company.

## V.   FIRST CAUSE OF ACTION

### (Violation of the FLSA)

37. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

38. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

39. At all relevant times, Plaintiff was a non-exempt employee within the meaning of the FLSA.

40. Plaintiff regularly worked over forty (40) hours per week, and Defendants had knowledge that Plaintiff regularly worked over forty hours per week.

41. Defendants failed to pay Plaintiff overtime pay for all hours worked each week in excess of forty (40) each week.

42. Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

43. As a result of the foregoing, Plaintiff was illegally deprived of compensation earned, in such amounts as may be determined at trial, and is entitled to recovery of all unpaid amounts, liquidated damages, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

### VI.   SECOND CAUSE OF ACTION

### (Violation of the AMWA)

44. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

45. Plaintiff assert a claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201 *et seq*.

46. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

47. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over

forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

48.     Defendants classified Plaintiff as exempt from the overtime requirements of the AMWA.

49.     Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendants failed to pay Plaintiff a rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

50.     Defendants' failure was not in good faith.

51.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VII.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Tommy Walker respectfully requests this Court grant the following relief:

(a)     Summon each Defendant to appear and answer herein;

(b)     Enter declaratory judgment that the practices complained of herein are unlawful under Federal and Arkansas law;

(c)     Enter an Order for complete and accurate accounting of all the compensation to which Plaintiff is entitled;

(d)     Award Plaintiff compensatory damages in an amount equal to the unpaid back wages at the applicable minimum wage for a period of three (3) years prior to this lawsuit through the date of trial;

(e)     Award a judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid compensation owed to Plaintiff during the applicable statutory period;

(f)     Award a judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations;

(g)     An award to Plaintiff of all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action, together with all applicable interest; and

(h)     All such other and further relief to which this Court may find Plaintiff entitled.

> Respectfully submitted,
>
> **PLAINTIFF TOMMY MARSHALL**
>
> SANFORD LAW FIRM, PLLC
> ONE FINANCIAL CENTER
> 650 SOUTH SHACKLEFORD, SUITE 411
> LITTLE ROCK, ARKANSAS 72211
> TELEPHONE: (501) 221-0088
> FACSIMILE: (888) 787-2040
>
> By: _/s/ Sean Short_
> Sean Short
> Ark Bar No. 2015079
> sean@sanfordlawfirm.com
>
> and  _/s/ Josh Sanford_
> Josh Sanford
> Ark. Bar No. 2001037
> josh@sanfordlawfirm.com