IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TOMMY MARSHALL**                                            **PLAINTIFF**

vs.                                   No. 4:18-cv-254-BSM

**MWF CONSTRUCTION, LLC,**                              **DEFENDANTS**
**and MATT FOSTER**

## STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (EMPLOYEE STATUS)

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, Plaintiff states that the following facts are not in dispute and are the only facts material to the disposition of the issues raised in Plaintiff's Motion for Partial Summary Judgment (Employee Status):

1.     Defendants MWF Construction, LLC, and Matt Foster (hereinafter collectively "Defendants") operate a construction company at 200 West Roosevelt, Little Rock, Arkansas 72206 ("MWF"). Deposition of Matt Foster (hereinafter "Dep. Foster") 3:9–10.

2.     MWF's main business is performing general contracting, construction and renovation. Dep. Foster 5:11–12.

3.     Defendant Matt Foster (hereinafter "Foster") is the sole and managing member of MWF. Dep. Foster 4:10–13.

4.     Defendants have approximately 20 individuals working for them that are paid 1099 wages and one individual who is paid W-2 wages. Dep. Foster 4:22–5:10.

**Page 1 of 5**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Statement of Undisputed Material Facts in Support of**
**Plaintiff's Motion for Partial Summary Judgment (Employee Status)**

5.     Plaintiff worked for Defendants from November of 2017 until March 16, 2018. Dep. Foster 12:7–11.

6.     When Defendants hired Plaintiff, there was no specific end date to his job; rather, Plaintiff was hired to work indefinitely, and Foster had the right to terminate Plaintiff's employment at any time. Dep. Foster 10:11–15, 35:2–5.

7.     Defendants considered Plaintiff to be a "key guy." Dep. Foster 18:14–17.

8.     A key guy unlocks the jobsite, Dep. Foster 19:12–20, and keeps track of the comings and goings of the workers, *cf.* Dep. Foster 15:5–9, 36:1–13.

9.     Defendants did not consider Plaintiff's position to be a professional position. Dep. Foster 14:23–15:4.

10.     Plaintiff did not have to utilize any judgment or foresight in order to do his job. Dep. Foster 35:15–18.

11.     Plaintiff's job was not difficult and involved a lot of sitting around. Dep. Foster 18:20–24.

12.     Plaintiff's main job duties were making sure subcontractors were accounted for at MWF's job site and making sure the doors were open so that people could enter the job site. Dep. Foster 9:9–17.

13.     Plaintiff was responsible for generating hand-written records in terms of the comings and goings of people at the job site that Defendants could then use to audit the requests for payments that they received from their sub-contractors. Dep. Foster 13:25–14:4.

**Page 2 of 5**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Statement of Undisputed Material Facts in Support of**
**Plaintiff's Motion for Partial Summary Judgment (Employee Status)**

14.     Plaintiff's usefulness and value to Defendants was derived from the records that Plaintiff generated of the work performed by Defendants' sub-contractors. Dep. Foster 15:5–11.

15.     Plaintiff's main tools were pen, paper and keys. Dep. Foster 5:23–6:1.

16.     Defendants own the keys. *Id*.

17.     Plaintiff was not required to bring anything to the job site other than pen and paper in order to perform his job. Dep. Foster 35:6–9.

18.     Before working for Defendants, Plaintiff had never worked a construction job. Dep. Foster 11:4–7.

19.     Plaintiff did not hold himself out as having any unique skills or experience when he interviewed for the "key guy" position. Dep. Foster 36:2–20.

20.     Plaintiff's work for Defendants was simply a job he performed for Defendants; in other words, Plaintiff was not in the "business" of being a key man. Dep. Foster 36:2–20.

21.     Plaintiff performed all of his work at one job site, and MWF was the general contractor at that site. Dep. Foster 3:15–21.

22.     Plaintiff was hired to take over for the job that someone else had been performing prior to the start of his employment. Dep. Foster 16:10–14.

23.     After Plaintiff ceased working for Defendants, Defendants needed to find another individual to perform the work Plaintiff had been performing. Dep. Foster 17:18–18:10.

24.     It is necessary for Defendants to have an individual performing the job functions Plaintiff performed at their job site. Dep. Foster 12:12–12:25.

**Page 3 of 5**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Statement of Undisputed Material Facts in Support of**
**Plaintiff's Motion for Partial Summary Judgment (Employee Status)**

25.    Foster characterized Plaintiff's job as necessary but not hard. Dep. Foster 27:4–6.

26.    Defendants or the sub-contractors gave Plaintiff instructions for determining when to arrive at work each morning. Dep. Foster 19:12–20:5.

27.    Plaintiff did not make any rules for Defendants' job site. Dep. Foster 20:6–9.

28.    Plaintiff submitted his hours each week on time sheet forms that he found at Defendants' job site. Dep. Foster 22:3–24.

29.    Plaintiff had no authority to spend money when working for Defendants. Dep. Foster 29:18–19.

30.    Defendants wrote checks directly to Plaintiff; the checks written to Plaintiff were never made out to a business entity of any kind. Dep. Foster 29:20–24.

31.    The only way Plaintiff could increase his "profitability" was to work more hours. Dep. Foster 33:18–21.

32.    Plaintiff was not guaranteed a minimum or maximum amount of pay each week; the only guarantee was that he would get paid his hourly rate for all hours that he worked. Dep. Foster 34:16–20.

33.    Foster had the right to terminate Plaintiff's employment at any time. Dep. Foster 10:11–15.

34.    When Plaintiff was hired there was no specific end date to his job; he was hired for an indefinite term. Dep. Foster 35:2–5.

**Page 4 of 5**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Statement of Undisputed Material Facts in Support of**
**Plaintiff's Motion for Partial Summary Judgment (Employee Status)**

Respectfully submitted,

**PLAINTIFF TOMMY MARSHALL**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 5 of 5
Tommy Marshall v. MWF Construction, LLC, et al,
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM
Statement of Undisputed Material Facts in Support of
Plaintiff's Motion for Partial Summary Judgment (Employee Status)