IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TOMMY MARSHALL**                                                      **PLAINTIFF**

vs.                                   No. 4:18-cv-254-BSM

**MWF CONSTRUCTION, LLC,**                                   **DEFENDANTS**
**and MATT FOSTER**

### BRIEF IN SUPPORT OF PLAINTIFF'S
### MOTION FOR PARTIAL SUMMARY JUDGMENT (EMPLOYEE STATUS)

#### I.      INTRODUCTION

"Do you want taxes taken out of your check?"  This question at the time Defendant hired Plaintiff is the extent of the 'critical legal analysis' Defendant performed in deciding whether to pay Plaintiff as an employee or "independent business owner." Given the decidedly one-sided nature of the law and facts discussed below—the law and facts that show Plaintiff was an employee, not an independent business owner—the Court should not be not at all surprised to learn that the parties' relationship started off with so little guidance.

This is a case about a construction company that failed to pay overtime to an individual hired to sit at the gate of the jobsite and keep track of who entered and exited the site.  He was also required to lock and unlock the construction site at the appropriate times. This is commonly referred to as a "key man." Defendants say Plaintiff was an independent business owner, and therefore, Defendants say, they were not required to pay Plaintiff overtime as required by the Fair Labor Standards Act ("FLSA").

Page 1 of 20
Tommy Marshall v. MWF Construction, LLC, et al,
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM
Brief in Support of Plaintiff's Motion for Partial Summary Judgment (Employee Status)

However, no reasonable jury could conclude that Plaintiff was running an independent business as a "key man." Defendants controlled the parameters of Plaintiff's job (i.e., what the job entailed).  Defendants also instructed Plaintiff when to do his job. Defendants also controlled *whether* Plaintiff worked at all in that Defendants hired Plaintiff and had the authority to fire Plaintiff.  Plaintiff did not advertise his services as an independent business owner.  Rather, Plaintiff began his employment with no prior experience in construction, and he worked full-time for Defendants in an at-will relationship for an indefinite term.  Plaintiff had no customers or clients that could have sustained his supposed "business" as an independently functioning entity—he just worked for Defendants full-time.  Plaintiff earned an hourly rate, rather than receiving pay on a profit and loss basis.  Plaintiff also effectively made no business investments, showing his lack of independent business ownership.

Page 2 of 20
Tommy Marshall v. MWF Construction, LLC, et al,
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM
Brief in Support of Plaintiff's Motion for Partial Summary Judgment (Employee Status)

## II.    TABLE OF CONTENTS

I.    INTRODUCTION ...............................................................................................1

II.    TABLE OF CONTENTS ....................................................................................3

III.    TABLE OF AUTHORITIES ...............................................................................4

IV.    STANDARD OF REVIEW ................................................................................5

V.    FACTUAL BACKGROUND ..............................................................................6

VI.    ARGUMENT .....................................................................................................8

    A.    Independent Contractors Are in Business for Themselves, while Employees Are Dependent on the Employer for Continuing in their Line of Work. ........................9

    B.    Plaintiff was not in Business for Himself, but Rather, Was Economically Dependent upon Defendants for Continuing to Work as a "Key Man" in the Construction Industry........................................................................................11

        1.    Defendants' control over the business operations, and Plaintiff's lack of control, shows Plaintiff's dependence on Defendants for continuing in Plaintiff's line of work........................................................................11

        2.    The permanency of the relationship between Plaintiff and Defendants shows Plaintiff's dependence on Defendants............................................13

        3.    The lack of business skill and initiative required to perform the job shows Plaintiff's lack of independence. ...................................................14

        4.    The relative investments of Plaintiff and Defendants shows Plaintiff's economic dependence on Defendants............................................15

        5.    The degree to which Plaintiff's opportunity for profit and loss is determined by Defendants shows Plaintiff's economic dependence on Defendants.............17

        6.    The degree to which Plaintiff's tasks are integral to Defendants' business shows Plaintiff's dependence on Defendants. ..............................................18

        7.    The totality of the circumstances shows that Plaintiff was not in business for himself, but was dependent upon Defendants for continuing his work as a "key man." .......................................................................................18

VII.    CONCLUSION ................................................................................................20

**Page 3 of 20**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Brief in Support of Plaintiff's Motion for Partial Summary Judgment (Employee Status)**

## III.    TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby*, 477 U.S. 242 (1986) .............................................................5

*Baker v. Flint Eng'g & Constr. Co.*, 137 F.3d 1436 (10th Cir. 1998) ..............9, 10, 14, 16

*Barge v. Anheuser-Busch, Inc.,* 87 F.3d 256 (8th Cir. 1996) ...........................................5

*Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042 (5th Cir. 1987) .....................................19

*Brock v. Superior Care, Inc.*, 840 F.2d 1054 (2d Cir. 1988) ......................................9, 14

*Buck v. Lindsey Mgmt. Co.*, No. 4:13-cv-000676-KGB, 2014 U.S. Dist. LEXIS 96032 (E.D. Ark. July 15, 2014)...............................................................................................10

*Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 1984) ................................9

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .................................................................5

*Cruthis v. Vision's*, No. 4:12-cv-244-KGB, 2014 U.S. Dist. LEXIS 8773 (E.D. Ark. Jan. 24, 2014)....................................................................................................................10

*Dole v. Snell*, 875 F.2d 802 (10th Cir. 1989) ........................................................9, 16, 17

*Donovan v. DialAmerica Marketing, Inc.*, 757 F.2d 1376 (3d Cir. 1985) ........................18

*FedEx Home Delivery v. NLRB*, 385 U.S. App. D.C. 283, 563 F.3d 492 (2009)............10

*Goldberg v. Whitaker House Cooperative, Inc.*, 366 U.S. 28 (1961)...............................12

*Hickey v. Arkla Indus., Inc.*, 699 F.2d 748 (5th Cir. 1983)..............................................15

*Hopkins v. Cornerstone Am.*, 545 F.3d 338 (5th Cir. 2008) ...........................9, 10, 11, 16

*Keller v. Miri Microsystems LLC*, 781 F.3d 799 (6th Cir. 2015)....................12, 13, 14, 15

*Lower Brule Sioux Tribe v. State of South Dakota*, 104 F.3d 1017 (8th Cir. 1997)..........5

*Martin v. Selker Bros., Inc.*, 949 F.2d 1286 (3d Cir. 1991) ...............................12, 14, 17

*Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318 (1992) ..............................................9

*Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748 (9th Cir. 1979) .................12, 16

*RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399 (8th Cir. 1995)....................5

*Rutherford Food Corp. v. McComb*, 331 U.S. 722 (1947)...............................................18

*Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308 (11th Cir. 2013)....................9, 10, 11, 17

*Secy. of Labor, U.S. Dept. of Labor v. Lauritzen*, 835 F.2d 1529 (7th Cir. 1987)...........16

*Solis v. Cascom, Inc.*, No. 3:09-cv-257, 2011 U.S. Dist. LEXIS 122573 (S.D. Ohio Sep. 21, 2011).................................................................................................................13, 17

*Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290 (1985) .............................9

*United States v. Rosenwasser*, 323 U.S. 360 (1945)......................................................9

*Usery v. Pilgrim Equip. Co.*, 527 F.2d 1308 (5th Cir. 1976) ...........................................19

**Page 4 of 20**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Brief in Support of Plaintiff's Motion for Partial Summary Judgment (Employee Status)**

**Statutes, Rules, and Regulations**

29 U.S.C. § 203(e)(1) ...................................................................................................9

29 U.S.C. § 203(g) ......................................................................................................9

Fed. R. Civ. P. 56 ........................................................................................................5

## IV.   STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is proper when there are no genuine issues of material fact remaining in a case and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *see also*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment has the initial burden of informing the Court of the basis for its motion and identifying the pleadings, admissions, discovery documents, and affidavits it contends show the absence of a genuine issue of material fact. *Id*. at 323. If the moving party has met its initial burden, then the nonmoving party must go beyond its own pleadings to designate specific controverted facts raising genuine triable issues. *Id.* at 325.

In order to show a genuine issue of fact, "the nonmoving party may not rely on mere denials or allegations in its pleadings but must designate specific facts showing that there is a genuine issue for trial." *Barge v. Anheuser-Busch, Inc.,* 87 F.3d 256, 258 (8th Cir. 1996). A dispute is "genuine" if a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).  In deciding a motion for summary judgment, the facts and all reasonable inferences from those facts are viewed in the light most favorable to the nonmoving party. *Lower Brule Sioux Tribe v. State of South Dakota*, 104 F.3d 1017, 1021 (8th Cir. 1997).

**Page 5 of 20**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Brief in Support of Plaintiff's Motion for Partial Summary Judgment (Employee Status)**

## V.   FACTUAL BACKGROUND

Defendants operate a construction company at 200 West Roosevelt, Little Rock, Arkansas 72206. Ex. 1, Dep. of Matt Foster (hereinafter "Dep. Foster") 3:9–10, January 14, 2019. MWF's main business is performing general contracting, construction and renovation. Id. at 5:11–12. Foster is the sole and managing member of MWF. Id. at 4:10–13. Defendants have approximately twenty individuals working for them that are paid 1099 wages and one individual who is paid W-2 wages. Id. at 4:22–5:10.

Plaintiff worked for Defendants from November of 2017 until March 16, 2018. Id. at 12:7–11. When Defendants hired Plaintiff, there was no specific end date to his job; rather, Plaintiff was hired to work indefinitely, and Foster had the right to terminate Plaintiff's employment at any time. Id. at 10:11–15, 35:2–5.

Defendants considered Plaintiff to be a "key guy." Id. at 18:14–17. A key guy unlocks the jobsite and keeps track of the comings and goings of the workers. Id. at 13:25–14:4. Plaintiff's main job duties were making sure subcontractors were accounted for at MWF's job site and making sure the doors were open so that people could enter the job site. Id. at 9:9–17. Plaintiff made hand-written records of the comings and goings of people at the job site that Defendants used to audit the requests for payments that they received from their sub-contractors. Id. at 13:25–14:4.

The main tools Plaintiff used to perform his job were the pen and paper he used to make his records of people coming and going from the job site, and a set of keys owned by Defendants used to open and close the doors. Id. at 5:23–6:1. Other than these items, Plaintiff was not required to bring anything to the job site in order to

Page 6 of 20
Tommy Marshall v. MWF Construction, LLC, et al,
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM
Brief in Support of Plaintiff's Motion for Partial Summary Judgment (Employee Status)

perform his job. Id. at 35:6–9. Plaintiff performed all of his work at one job site where MWF was the general contractor. Id. at 3:15–21.

Plaintiff received his instructions regarding when to arrive at work each morning from Defendants or the sub-contractors. Id. at 19:12–20:5. Plaintiff submitted his hours each week on time sheet forms that he found at Defendants' job site. Id. at 22:3–24. When Defendants paid Plaintiff, Defendants wrote checks directly to Plaintiff, never to a separate business entity of any kind. Id. at 29:20–24.

Plaintiff's hourly rate of pay for his work was set by Defendants. Plaintiff was not guaranteed a minimum or maximum amount of pay each week; the only guarantee was that he would get paid his hourly rate for all hours that he worked. Id. at 34:16–20. Accordingly, the only opportunity for Plaintiff to earn more money was to work more hours. Id. at 33:18–21. Plaintiff sometimes worked more than 40 hours per week for Defendants, but Defendants only paid him his regularly hourly rate and did not pay any sort of premium for hours worked over forty a week. Id. at 22:25–23:3.

Plaintiff's work for Defendants was simply a job he performed for Defendants; in other words, Plaintiff was not in the "business" of being a key man. Id. at 36:2–20. Before working for Defendants, Plaintiff had never even worked a construction job. Id. at 11:4–7. Not only did Plaintiff not consider himself to be a professional key man, but Defendants did not consider Plaintiff's position to be a professional position at all. Id. at 14:23–15:4. Plaintiff's usefulness and value to Defendants was not derived from any particular skill or judgment Plaintiff possessed, but rather was derived from the records that Plaintiff generated of the work performed by Defendants' sub-contractors. Id. at 15:5–11. Plaintiff did not have to utilize any judgment or foresight in order to do his job,

**Page 7 of 20**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Brief in Support of Plaintiff's Motion for Partial Summary Judgment (Employee Status)**

Plaintiff did not hold himself out as having any unique skills or experience when he interviewed for the "key guy" position. Id. at 35:15–18, 36:2–20. Quite simply, Plaintiff's job was not difficult and involved a lot of sitting around. Id. at 18:20–24.

Although Plaintiff's job might not have been particularly difficult, it was necessary to Defendants' business. Id. at 27:4–6. Defendants need an individual performing the job functions Plaintiff performed at their job site at all times. Id. at 12:12–12:25. Accordingly, Plaintiff was hired to take over for the job that someone else had been performing prior to the start of his employment. Id. at 16:10–14. After Plaintiff ceased working for Defendants, Defendants needed to find another individual to perform the work Plaintiff had been performing. Id. at 17:18–18:10.

## VI.     ARGUMENT

Plaintiff is entitled to summary judgment that Plaintiff was not an independent contractor, but rather was an employee of Defendants. Defendants can raise no genuine issue of material fact from which a reasonable jury could find that Plaintiff qualified as an independent contractor under the "economic reality" test used by Courts to make this determination.

Section A below the general legal principles regarding the difference between independent contractors and employees under the FLSA.  Section B below explains why no reasonable fact-finder could conclude that Plaintiff was in business for himself under the facts of this case.

**Page 8 of 20**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Brief in Support of Plaintiff's Motion for Partial Summary Judgment (Employee Status)**

### A. Independent Contractors Are in Business for Themselves, while Employees Are Dependent on the Employer for Continuing in their Line of Work.

The FLSA defines "employee" as "any individual employed by an employer."  29 U.S.C. § 203(e)(1). "Employ" means "to suffer or permit to work."  29 U.S.C. § 203(g). The "suffer or permit" standard was specifically designed to ensure as broad of a scope of statutory coverage as possible. *See United States v. Rosenwasser*, 323 U.S. 360, 362–63 (1945) ("A broader or more comprehensive coverage of employees... would be difficult to frame."); *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992); *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984).

To help define and differentiate between "employees" who are eligible for FLSA protections and "independent contractors" who are not, courts have adopted the broad "economic realities test." *See, e.g.*, *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 301 (1985)).

The purpose of the economic realities test is to determine "whether the worker is economically dependent on the business to which he renders service or is, as a matter of economic reality, in business for himself." *Salinas v. Commercial Interiors, Inc.*, 848 F.3d 125, 150 (4th Cir. 2017); *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1312 (11th Cir. 2013); *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008); *Baker v. Flint Eng'g & Constr. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998); *Lilley v. BTM Corp.*, 958 F.2d 746, 750 (6th Cir. 1992); *Dole v. Snell*, 875 F.2d 802, 804 (10th Cir. 1989); *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988). To assist in making this determination, "the majority of courts analyze the following six factors":

> (i) the degree of control exercised by the alleged employer over the business operations, (ii) the relative investments of the alleged employer

Page 9 of 20
Tommy Marshall v. MWF Construction, LLC, et al,
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM
Brief in Support of Plaintiff's Motion for Partial Summary Judgment (Employee Status)

> and employee, (iii) the degree to which the employee's opportunity for profit and loss is determined by the employer, (iv) the skill and initiative required in performing the job, (v) the permanency of the relationship, and (vi) the degree to which the alleged employee's tasks are integral to the employer's business. *See, e.g.*, *Harrell v. Diamond A Entm't, Inc.*, 992 F. Supp. 1343, 1348 (M.D. Fla. 1997); *see* 51 A.L.R. Fed. 702, § 2 (collecting cases on the economic reality test under the FLSA).

*Cruthis v. Vision's*, No. 4:12-cv-244-KGB, 2014 U.S. Dist. LEXIS 8773, at **7–8 (E.D. Ark. Jan. 24, 2014).

"No single factor is determinative." *Hopkins*, 545 F.3d at 343; *Scantland*, 721 F.3d at 1312 (same). "Rather, each factor is a tool used to gauge the economic dependence of the alleged employee, and each must be applied with this ultimate concept in mind." *Hopkins*, 545 F.3d at 343; *accord Scantland*, 721 F.3d at 1312 (stating that each factor must be applied with the ultimate notion of independent business ownership or economic dependence in mind); *Keller*, 781 F.3d at 807 (same).

Accordingly, in applying the relevant factors, the ultimate analysis necessarily requires a more broad-sweeping focus on the totality of the circumstances. *Buck v. Lindsey Mgmt. Co.*, No. 4:13-cv-676-KGB, 2014 U.S. Dist. LEXIS 96032, at *7–9 (E.D. Ark. July 15, 2014) ("The economic reality test looks to the totality of the circumstances, not to any one factor."); *accord*, *Baker*, 137 F.3d at 1440 ("None of the factors alone is dispositive; instead, the court must employ a totality-of-the-circumstances approach."); *Keller*, 781 F.3d at 807 (stating that the test is based on a totality of the circumstances); *FedEx Home Delivery v. NLRB*, 385 U.S. App. D.C. 283, 288 n.3, 563 F.3d 492, 497 (2009) ("The common law test, after all, is not merely quantitative. We do not just count the factors that favor one camp, and those the other, and declare that whichever side scores the most points wins.").

**Page 10 of 20**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Brief in Support of Plaintiff's Motion for Partial Summary Judgment (Employee Status)**

Further, because the factors are just tools used to guage whether workers are really in business for themselves, the factors are not exhaustive. *See Hopkins*, 545 F. 3d at 343 (stating the factors to be non-exhaustive and that the ultimate goal is "to gauge the economic dependence of the alleged employee"); *Keller*, 781 F.3d at 807 (stating that the list of factors is not exhaustive).

**B.     Plaintiff was not in Business for Himself, but Rather, Was Economically Dependent upon Defendants for Continuing to Work as a "Key Man" in the Construction Industry.**

This section is dedicated to showing how no reasonable fact finder could conclude that Plaintiff was in business for himself—that is, an independent contractor. Each section below explains the legal precepts behind each factor of the Economic Realities test and then proceeds to describe the factual reasons related to each factor showing why Plaintiff was an employee, not an independent business owner.

1.     Defendants' control over the business operations, and Plaintiff's lack of control, shows Plaintiff's dependence on Defendants for continuing in Plaintiff's line of work.

Defendants exercised control over the operation of the business where Plaintiff worked in every way, and Defendants cannot identify any meaningful aspects of Plaintiff's work over which Plaintiff had control. Accordingly, this factor suggests the employer status of Defendants.

"[C]ontrol is only significant when it shows an individual exerts such a control over a meaningful part of the business that she stands as a separate economic entity." *Hopkins*, 545 F.3d at 343; *accord Scantland*, 721 F.3d at 1313 (same). Further, "[t]he lack of supervision over minor regular tasks cannot be bootstrapped into an appearance of real independence." *Id*.

**Page 11 of 20**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Brief in Support of Plaintiff's Motion for Partial Summary Judgment (Employee Status)**

The alleged employer's right to control the work is also part of the analysis. *See Goldberg v. Whitaker House Cooperative, Inc.*, 366 U.S. 28 (1961) (holding workers to be employees in part because the employer had the right to hire and fire them for substandard work or failure to obey regulations); *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 807 (6th Cir. 2015) (identifying control factor as "the degree of the alleged employer's right to control the manner in which the work is to be performed"); *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1293 (3d Cir. 1991) (same); *Real v. Driscoll Strawberry Assocs.*, 603 F.2d 748, 754 (9th Cir. 1979) (same).

Defendants' business involves the performance of general contracting, construction and renovation. Dep. Foster 5:11–12. As part of the control over its business, Defendants maintained records of individuals entering and leaving the job site. Id. at 9:9–17; 13:25–14:4. Defendants used these records to audit the requests for payments that they received from their sub-contractors. Id. at 13:25–14:4. Defendants controlled the parameters of Plaintiff's job (i.e., what the job entailed). Id. at 9:8–20. Defendants also instructed Plaintiff when to do his job. Id. at 19:12–20:5. Defendants also controlled *whether* Plaintiff worked at all in that Defendants hired Plaintiff and had the authority to fire Plaintiff. Id. at 10:11–15, 16:10–14.

Foster is the sole and managing member of MWF. Id. at 4:10-13. Defendants considered Plaintiff to be a "key guy." Id. at 18:14-17. While Foster presumably handled all the meaningful business decisions like hiring, firing, pricing, scope of services, and advertising, *cf.* Id. at 4:10–13 (sole and managing member), Plaintiff was merely unlocking the jobsite and tracking the comings and goings of workers. *See* Id. at 9:9–17, 15:5–9, 19:12–20, 36:1–13. Plaintiff did not make any rules for Defendants' job site.

**Page 12 of 20**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Brief in Support of Plaintiff's Motion for Partial Summary Judgment (Employee Status)**

Id. at 20:6–9. Plaintiff submitted his hours each week on time sheet forms that he found at Defendants' job site. Id. at 22:3–24. Foster had the right to terminate Plaintiff's employment at any time, Id. at 10:11–15, meaning that Foster retained all right to control the manner and means by which Plaintiff conducted himself in Defendants' employ.

There is simply no meaningful aspect of Defendants' business or Plaintiff's work for Defendants over which Plaintiff had any meaningful control, and Defendants cannot produce any evidence of the same. Therefore, this factor weighs in favor of Plaintiff's status as an employee of Defendants.

2.    The permanency of the relationship between Plaintiff and Defendants shows Plaintiff's dependence on Defendants.

The permanency of the relationship between Plaintiff and Defendants also weighs in favor of Plaintiff's employee status.

A worker whose tenure is indefinite is more like an employee in an at-will employment arrangement. *Keller*, 781 F.3d at 807 ("Generally, independent contractors have variable or impermanent working relationships with the principal company because they often have fixed employment periods and transfer from place to place as particular work is offered to them, whereas employees usually work for only one employer and such relationship is continuous and indefinite in duration.") (internal quotation marks omitted); *Solis v. Cascom, Inc.*, No. 3:09-cv-257, 2011 U.S. Dist. LEXIS 122573, at *17 (S.D. Ohio Sep. 21, 2011).

Plaintiff was hired to work an indefinite term for Defendants; there was no finite period during, either in terms of time or completion of a job, that Defendants intended Plaintiff to work. Dep. Foster 35:2–5. Foster had the right to terminate Plaintiff's

**Page 13 of 20**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Brief in Support of Plaintiff's Motion for Partial Summary Judgment (Employee Status)**

employment at any time, Id. at 10:11–15, which is like an at-will employment relationship. Accordingly, this factor weighs in favor of Plaintiff's status as Defendants' employee.

>   3.   The lack of business skill and initiative required to perform the job shows Plaintiff's lack of independence.

This factor focuses on business skill, judgment, and initiative, not the use or possession of technical skills or of industry and efficiency while performing routine work. See Martin, 949 F.2d at 1295 ("Routine work which requires industry and efficiency is not indicative of independence and nonemployee status."); Superior Care, 840 F.2d at 1060; Lauritzen, 835 F.2d at 1537 ("Skills are not the monopoly of independent contractors.").

More important is whether Plaintiffs' "profits increased because of the initiative, judgment, or foresight of the typical independent contractor, or whether [their] work was more like piecework." Keller, 781 F.3d at 809.; accord Baker, 137 F.3d at 1443 (""Although 'the lack of the requirement of specialized skills is indicative of employee status,' 'the use of special skills is not itself indicative of independent contractor status, especially if the workers do not use those skills in any independent way.").

For example, in Usery, the Fifth Circuit explained the employees' lack of advertising, pricing, and choosing vendors showed lack of initiative:

> These operators are unable to exert initiative in the operation of their pick-up stations. All major components open to initiative -- advertising, pricing, and most importantly the choice of cleaning plants with which to deal -- are controlled by Pilgrim.

Id.   The Court found the defendant's "business acumen and investment," and the plaintiff's lack thereof, as indicative of employee status.  Id. at 1314.  In Hopkins, the

Page 14 of 20
Tommy Marshall v. MWF Construction, LLC, et al,
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM
Brief in Support of Plaintiff's Motion for Partial Summary Judgment (Employee Status)

Fifth Circuit stated this factor requires some "significant initiative within the business," such as advertising, marketing, or choosing the products to sell.  545 F.3d at 345 (citing *Hickey v. Arkla Indus., Inc.*, 699 F.2d 748, 752 (5th Cir. 1983)).  This makes sense, because these activities are the sorts of things that independent businesses engage in to grow and survive.

Plaintiff's work for Defendants involved unlocking the doors to the job site so that workers could enter and recording the comings and goings of the people at the job site that Defendants used to audit the requests for payments that they received from their sub-contractors. Dep. Foster 9:9–17; 13:25–14:4. This work required pen, paper and a set of keys that belonged to Defendants. Id. at 5:23–6:1. Plaintiff did not have to utilize any business judgment or foresight in order to do his job, and Plaintiff did not hold himself out as having any unique skills or experience when he interviewed for the "key guy" position. Id. at 35:15–18, 36:2–20. In short, Plaintiff's job was not difficult and involved a lot of sitting around. Id. at 18:20–24.

Defendants cannot produce any facts tending to show that Plaintiff exercised the requisite business skill and initiative typical of an independent business owner.  Plaintiff was not advertising himself an independent "key man" business, and he was not making short-term or long-term business decisions associated with business ownership. He was merely performing a rote task required by Defendants. Therefore, this factor weighs in Plaintiffs' favor.

4.   <u>The relative investments of Plaintiff and Defendants shows Plaintiff's economic dependence on Defendants.</u>

The investments to be considered under this factor are capital investments, rather than negligible items or labor.  *See Keller*, 781 F.3d at 810 ("The next factor we

**Page 15 of 20**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Brief in Support of Plaintiff's Motion for Partial Summary Judgment (Employee Status)**

weigh is whether the worker has made a significant capital investment."); *accord*, *Baker*, 137 F.3d at 1442 ("The investment which must be considered as a factor is the amount of large capital expenditures, such as risk capital and capital investments, not negligible items, or labor itself.").

When analyzing the investment factor, the worker's investment should be significant in relation to the overall business being conducted. *See Baker v. Flint Eng'g & Constr. Co.*, 137 F.3d 1436, 1442 (10th Cir. 1998) (comparing rig welders' investment to employer's "hundreds of thousands of dollars of equipment at each work site").[1]

Here, the evidence is clear that Plaintiff's "investment" in his work was nominal. The only items necessary for Plaintiff to perform his job were a pen, paper and a set of keys—and the set of keys belonged to Defendants. Dep. Foster 5:23–6:1.

The purchase of pen and paper is hardly the type of "investment" made by a person running their own business; such items are negligible, not risk capital or a capital investment.  So these items cannot count toward the relative investment analysis.

Thus, Plaintiff's investment is effectively zero, while Defendants were is responsible for paying personnel and everything else needed to run a construction business.  Id. at 4:22–5:10 (acknowledging that Defendants have approximately 20 individuals working for them that are paid 1099 wages and one individual who is paid W-2 wages).

---

[1]       *See also Dole*, 875 F.2d 802, 810–811 (comparing cake decorators' $400 investment in their tools to employers' business investments, including paying for rent, advertising, operating expenses, and labor, in addition to supplies and decorating equipment); *Secy. of Labor, U.S. Dept. of Labor v. Lauritzen*, 835 F.2d 1529, 1537 (7th Cir. 1987) (reasoning that where workers provided their own gloves, and the employer provided the farm equipment, land, seed, fertilizers, and living quarters, their work was not independent of the employer); *Hopkins*, 545 F.3d at 344 (comparing each worker's individual investment to employer's overall investment in the business); *Real*, 603 F.2d at 755 (strawberry growers' investment in light equipment, including hoes, shovels, and picking carts was "minimal in comparison" with employer's total investment in land and heavy machinery).

Page 16 of 20
Tommy Marshall v. MWF Construction, LLC, et al,
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM
Brief in Support of Plaintiff's Motion for Partial Summary Judgment (Employee Status)

Even if, *arguendo*, the purchase of pen and paper was a "capital investment," it still pales in comparison to Defendants' investment in personnel and the necessary trappings of a construction business. *See id.* This factor shows that Plaintiff was not running an independent business, but rather, he was dependent upon Defendants for the existence of his work.

5.    <u>The degree to which Plaintiff's opportunity for profit and loss is determined by Defendants shows Plaintiff's economic dependence on Defendants.</u>

To be an independent contractor, a worker must exercise managerial skill to affect profit or loss. *See Scantland*, 721 F.3d at 1317 ("An individual's ability to earn more by being more technically proficient is unrelated to an individual's ability to earn or lose profit via his managerial skill, and it does not indicate that he operates his own business."); *see also Martin*, 949 F.2d at 1293. This is in contrast to workers who simply earn more by working more hours or more efficiently. *See Dole*, 875 F. 2d at 809 (cake decorators paid by the cake were employees because "toiling for money on a piecework basis is more like wages than an opportunity for 'profit'").[2]

Here, Plaintiff was clearly a wage-earner, with no meaningful opportunity for profit or loss based on his own managerial skill or initiative. Plaintiff earned an hourly rate for Defendants, so Plaintiff's opportunity to earn more money simply involved working more hours. Dep. Foster 33:18–21, 34:16–20. This is exactly the type of wage

---

[2]    *See also Scantland*, 721 F.3d at 1317 ("Plaintiffs' opportunity for profit was largely limited to their ability to complete more jobs than assigned, which is analogous to an employee's ability to take on overtime work or an efficient piece-rate worker's ability to produce more pieces."); *Solis*, 2011 U.S. Dist. LEXIS 122573, at **14–15 ("While the alleged employees were free to work additional hours to increase their income, they had no decisions to make regarding routes, or acquisition of materials, or any facet normally associated with the operation of an independent business."); *Sakacsi*, 2007 U.S. Dist. LEXIS 88747, at *22 (emphasis added) ("[T]he fact that an individual could request more work or re-negotiate his or her compensation is not indicative of independent contractor status, because any employee can do those things as well.").

**Page 17 of 20**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Brief in Support of Plaintiff's Motion for Partial Summary Judgment (Employee Status)**

payment that courts consider to support employee status, not independent contractor status.

Further, Plaintiff had no authority to spend money when working for Defendants. Dep. Foster 29:18–19. Thus, he had no ability to manage money to increase his pay. Therefore, this factor also weighs in Plaintiff's favor.

6.      The degree to which Plaintiff's tasks are integral to Defendants' business shows Plaintiff's dependence on Defendants.

If the work performed by a plaintiff is integral to the employer's business, it is more likely that he is economically dependent on the employer. *See Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947) (workers were employees in part because work was "part of the integrated unit of production"). The primary consideration is whether the work constitutes "an 'essential part' of the alleged employer's business[.]" *Donovan v. DialAmerica Marketing, Inc.*, 757 F.2d 1376, 1385 (3d Cir. 1985).

Plaintiff's work was clearly integral to Defendants' business. Plaintiff performed the work of recording the comings and goings of people at the job site that Defendants used to audit the requests for payments that they received from their sub-contractors. Dep. Foster 13:25–14:4. Defendants admitted that this work was necessary to the business. Id. at 12:12–12:25. This work is clearly integral to Defendants' business, which shows Plaintiff's dependence upon Defendants existing operations for Plaintiff's work.

7.      The totality of the circumstances shows that Plaintiff was not in business for himself, but was dependent upon Defendants for continuing his work as a "key man."

The economic reality test factors are not an exclusive list, but may be viewed in conjunction with any other relevant factors with an eye toward determining whether the

**Page 18 of 20**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Brief in Support of Plaintiff's Motion for Partial Summary Judgment (Employee Status)**

totality of the circumstances suggest economic dependence. *Keller*, 781 F.3d at 815; *see also Usery v. Pilgrim Equip. Co.*, 527 F.2d 1308, 1311 (5th Cir. 1976) ("[T]he collective answers to all of the [factors cannot] produce a resolution which submerges consideration of the dominant factor—economic dependence.").

"[T]he proper test of economic dependence . . . 'examines whether the workers are dependent on a particular business or organization for their continued employment' in that line of business." *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1054 (5th Cir. 1987). In holding that the workers were employees, the *Brock* court noted that they had "no independent business organization that they could market and transfer from employer to employer." *Id*. at 1054–55.

As already demonstrated by the factors relevant to the economic realities test, Plaintiff was dependent upon Defendants for his employment as a key man. Prior to working for Defendants, Plaintiff did not work in the construction industry. Dep. Foster 11:4–7. Defendants did not pay Plaintiff through any business entity that provided key man services. Id. at 29:20–24. Thus, Plaintiff had no independent business organization that he could market and transfer from employer to employer. Plaintiff was, as a matter of economic reality, an employee of Defendants who was economically dependent for his work upon Defendants' existence and participation in the construction industry. Therefore, even if Defendants presented some evidence relevant to some of the factors of the economic reality test, it remains true that no reasonable jury could find in favor of Defendants on this issue. Plaintiff was not running an independent business.

**Page 19 of 20**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Brief in Support of Plaintiff's Motion for Partial Summary Judgment (Employee Status)**

## VII.   CONCLUSION

Plaintiff has produced evidence supporting Plaintiff's claim that he was an employee, not an independent contractor, for Defendants. Defendants can produce no evidence that would permit a reasonable jury to find otherwise. Therefore, Plaintiff is entitled to summary judgment in his favor.

Respectfully submitted,

**PLAINTIFF TOMMY MARSHALL**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 20 of 20**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Brief in Support of Plaintiff's Motion for Partial Summary Judgment (Employee Status)**