IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TOMMY MARSHALL**                                                                       **PLAINTIFF**

vs.                                              No. 4:18-cv-254-BSM

**MWF CONSTRUCTION, LLC,**                                            **DEFENDANTS**
**and MATT FOSTER**

### BRIEF IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

#### I. INTRODUCTION

This case was filed by Plaintiff Marshall (ECF No. 1) on April 16, 2018, under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*, and the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, *et seq*, to recover unpaid wages. To pursue his claims against Defendants, Plaintiff obtained experienced counsel, who took the case without requiring any up-front payment from Plaintiff.  Plaintiff's counsel not only shouldered all costs and faced the risk of receiving nothing if the case was unsuccessful, but also faced the risk of receiving less than their *actual* fees even in the event of success, depending on what this Court deems to be "reasonable." Plaintiff pursued this case diligently, making appropriate litigation decisions as the case progressed, and on March 29, 2019, this Court entered its Order (ECF No. 21) granting summary judgment in Plaintiff's favor, establishing as a matter of law that Plaintiff was Defendants employee. On the morning of trial Defendants agreed to a consent judgment in favor of Plaintiff in the amount of $2,567.75. Having received a judgment, Plaintiff is entitled to an award of attorneys' fees and costs.

**Page 1 of 11**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Motion for Attorney's Fees and Costs**

Specifically, Plaintiff requests that this Court award $949.50 in costs and $16,981.75 in reasonable attorneys' fees for a total award of $17,931.25.

## II. LEGAL STANDARD

A.      <u>Authority to Award Fees Under the FLSA and AMWA</u>

Under the FLSA, an award of reasonable attorneys' fees and costs to the prevailing party is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) ("An award of attorney fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge."). Congress enacted the fee-shifting provision of the FLSA "to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley*, 19 F.3d at 1134; *See also* 29 U.S.C. § 202 (stating intent to protect workers).

The AMWA also provides that a court may award costs and a reasonable attorney's fee against "[a]ny employer who pays any employee less than the minimum wages, including overtime compensation . . . to which the employee is entitled under or by virtue of [the AMWA]." Ark. Code Ann. § 11-4-218(a). Pursuant to Rule 010.14-112 of the Administrative Regulations of the Labor Standards of the Arkansas Department of Labor, "[t]he department may rely on the interpretations of the U.S. Department of Labor and federal precedent established under the Fair Labor Standards Act in interpreting and applying the provisions of the [AMWA] . . . except to the extent a different interpretation is clearly required." Therefore, Plaintiff is entitled to a reasonable attorney's fee under federal and state law.

**Page 2 of 11**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Motion for Attorney's Fees and Costs**

B.     Calculation of Fees

The measure of a reasonable attorney's fee is the amount of time reasonably expended by the plaintiff's attorneys to obtain a positive result for their clients, not the value of the plaintiff's claim. This is because the FLSA's fee shifting provision is intended to empower low-wage employees to sue for their rights even when the expected monetary recovery is otherwise "too small to attract effective legal representation." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 426 (2d Cir. 1999); *see also City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986) (explaining that discouraging civil rights litigants with meritorious claims but small damages from bringing suit "is totally inconsistent with Congress' purpose"). Thus, fee shifting under the FLSA ensures "effective access to the judicial process." *Fegley*, 19 F.3d at 1134. The enforcement of the fundamental right to minimum wages should not be made more accessible to those with large amounts of damages than those with smaller damages by tying attorney's fees to the amount awarded. *See Simpson v. Merchants & Planters Bank*, 441 F.3d 572, 581 (8th Cir. 2006) ("tying the attorney's fees to the amount awarded would discourage litigants with small amounts of damages from pursuing a civil rights claim in court").

In recognition of the need to ensure employees at the bottom of the economy access to effective representation, attorney's fees that greatly exceed the amount of damages awarded are the norm in wage cases. *See*, *e.g.*, *Lucio-Cantu v. Vela*, 239 Fed. Appx. 866 (5th Cir. 2007) ($3,349.29, $1,296.00, and $52.50 in damages for three plaintiffs and $51,750.00 in fees); *Villegas v Regions Bank*, CA 4:11-cv-00904 (S.D. Texas 2013, Dkt 27) ($1,413.00 in damages and $13,230.00 in fees); *Albers v. Tri-State Implement, Inc.*, 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) ($2,137.97 in damages and

**Page 3 of 11**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Motion for Attorney's Fees and Costs**

$43,797.00 in fees); *Hilton v. Executive Self Storage Associates, Inc.*, CA 4:06-cv-02744, 2009 WL 1750121, at *16 (S.D. Tex. June 18, 2009) ($2,000.00 in damages and $21,132.05 in fees); *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341 (S.D. Fl. May 14, 2007) ($3,493.62 in damages and $114,021.00 in fees); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 962 (E.D. Wis. 2003) ($3,540.00 in damages and $36,204.88 in fees). Thus, where the stakes of wage litigation are low, the defendant runs up the bill at its own risk.

Any award of attorney's fees should be based on the "lodestar." The lodestar is "the product of the number of hours reasonably expended on the litigation and the reasonable hourly rate at which those hours should be billed." *West v. Border Foods, Inc.*, 2007 U.S. Dist. LEXIS 43423, 6 (D. Minn. 6/8/2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "Reasonably expended" time is supported by "adequate documentation supporting the number of hours claimed." *Gay v. Saline County*, 2006 U.S. Dist. LEXIS 76852, 5-6 (E.D. Ark. 10/20/2006). The reasonable hourly rate is "the prevailing rate for similar legal services performed by attorneys of comparable skill, experience, and reputation" in the community in which the litigation is situated. *West*, 2007 U.S. Dist. LEXIS 43423, 6.

There is a strong presumption in favor of awarding the lodestar figure. *Beauford v. ActionLink, LLC*, 2014 U.S. Dist. LEXIS 5039, 21 (E.D. Ark. 1/15/2014). The presumption of the reasonableness of the lodestar calculation "may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Id*. at *21–22. The lodestar calculation is intended to account for all of the factors that could affect the reasonableness of an attorney's fee. *See Blum v. Stenson*, 465 U.S. 886, 898–900 (1984) (finding that

**Page 4 of 11**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Motion for Attorney's Fees and Costs**

"novelty and complexity of issues," "special skill and experience of counsel," quality of representation," and "results obtained" can be accounted for within the lodestar calculation); *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 565–66 (1986) ("the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorneys' fee"); *Saizan v. Delta Concrete Prods. Co.*, Inc. 448 F.3d 795, 800 (5th Cir. 2006) ("The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar amount already took that factor into account").

Relevant to this case, an award of attorney's fees should not be adjusted based on the ratio between how much money was sought and how much was ultimately awarded. The United State Supreme Court and the Eighth Circuit have explicitly rejected a rule of proportionality. *Rivera*, 477 U.S. at 578 ("A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts."); *Simpson*, 441 F.3d at 580–81.  In *Simpson*, the district court awarded the plaintiff an attorney's fee under the Equal Pay Act, reducing the requested amount by twenty percent.  *Id*. at 580.  On appeal, the defendant argued "that the percentage of attorney's fees awarded should reflect the percentage of relief obtained versus that sought."  *Id*.  The Court rejected the defendant's argument.  *Id*. It noted that the Eighth Circuit has "explicitly rejected a 'rule of proportionality' in civil rights cases because tying the attorney's fees to the amount awarded would discourage litigants with small amounts of damages from pursuing a civil rights claim in court."  *Id*. at 581.

In determining the number of hours reasonably expended, "[t]he relevant issue…is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time

**Page 5 of 11**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Motion for Attorney's Fees and Costs**

expenditures." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990). In *Jenkins by Jenkins v. Missouri*, the Eighth Circuit explained that, when calculating a fee award to a prevailing plaintiff, the focus is on whether the time expenditures were reasonable, not whether the attorney won each and every disputed issue:

> A court's focus should not be limited to the success/failure of each of the attorney's actions. Rather, it should be upon whether those actions were reasonable…Lawsuits usually involve many reasonably disputed issues and a lawyer who takes on only those battles he is certain of winning is probably not serving his client vigorously enough; losing is part of winning.

*Jenkins*, 127 F.3d 709, 718 (8th Cir. 1997) (internal citations omitted).

In awarding fees, a district court must "provide a concise but clear explanation of its reasons for the fee award." *See Hensley*, 461 U.S. at 437; *see also*, *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible."). "Where the difference between the lawyer's request and the court's award is relatively small, a somewhat cursory explanation will suffice." *Moreno*, 534 F.3d at 1111. However, "where the disparity is larger, a more specific articulation of the court's reasoning is expected." *Id*. (citing *Bogan v. City of Boston*, 489 F.3d 417, 430 (1st Cir. 2007)).

### III. ARGUMENT

As shown on the Invoice (Exhibit 1), Plaintiff incurred $17,858.25 in attorney's fees in the course of litigating their claims. After exercising billing judgment to identify certain fees that should be deducted as explained below, Plaintiff is requesting an award of $16,981.75 in fees. Plaintiff's counsel's hourly rates are reasonable and the attorney's fees incurred were necessary and reasonable to the prosecution of this case. By attaching

**Page 6 of 11**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Motion for Attorney's Fees and Costs**

thorough, contemporaneous records of Plaintiff's counsel's time, Plaintiff has submitted adequate documentation supporting the number of hours reasonably expended in litigating this matter.

Attorneys for Plaintiff maintained detailed contemporaneous records of their time in this case. Ex. 2, Decl. Sanford ¶ 29; Ex. 1, Sanford Law Firm Invoice. Each task reflected in the records was necessary to the successful resolution of this matter, and the time spent on each task was reasonable. Decl. Sanford ¶ 30. A chart detailing the lodestar amounts for each individual attorney is set forth below:

| Attorney[1] | Rate | Actual Time | Charge | Time Claimed | Amount Claimed |
|---|---|---|---|---|---|
| Allison Koile | $150.00 | 0.40 | $60.00 | 0.00 | $0.00 |
| Blake Hoyt | $150.00 | 0.30 | $45.00 | 0.00 | $0.00 |
| Josh Sanford | $325.00 | 23.05 | $7,491.25 | 22.05 | $7,166.25 |
| Daniel Ford | $175.00 | 0.30 | $52.50 | 0.00 | $0.00 |
| Rebecca Matlock | $190.00 | 1.80 | $323.00 | 1.80 | $323.00 |
| Vanessa Kinney | $250.00 | 6.8 | $1,700.00 | 6.8 | $1,700.00 |
| Stacy Gibson | $190.00 | 0.10 | $19.00 | 0.00 | $0.00 |
| Steve Rauls | $225.00 | 0.70 | $157.50 | 0.70 | $157.50 |
| Sean Short | $150.00 | 44.00 | $6,600.00 | 41.7 | $6,255.00 |
| Tess Bradford | $150.00 | 0.20 | $30.00 | 0.00 | $0.00 |

---

[1]     In the Invoice (Exhibits 1 to Plaintiff's Motion for Costs and Attorneys' Fees), the attorneys are coded as follows: AK (Allison Koile), BH (Blake Hoyt), JS (Josh Sanford), DF (Daniel Ford), RM (Rebecca Matlock), VK (Vanessa Kinney), SG (Stacy Gibson), SR (Steve Rauls), SS (Sean Short), TB (Tess Bradford) and JW (Josh West).

**Page 7 of 11**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Motion for Attorney's Fees and Costs**

| | | | | |
|---|---|---|---|---|
| **Josh West** | $200.00 | 6.90 | $1,380.00 | 6.90 | $1,380.00 |
| **Total** | | 84.45 | $17,858.25 | 79.95 | $16,981.75 |

The hourly rates charged by Plaintiff's attorneys are reasonable and in line with hourly rates for attorneys engaged in similar practices in the area of Little Rock, Arkansas, as well as rates previously awarded by district courts in the Eastern District of Arkansas, and Plaintiff's counsel took this information into consideration when setting the appropriate rates for purposes of calculating the lodestar in this case. Decl. Sanford ¶ 17–23.[2]

Further, Plaintiff's counsel have made reductions to their billing in "a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary," or simply to make billing more reasonable, and have reduced their fee request accordingly. *See Hensley*, 461 U.S. at 434. Decl. Sanford ¶ 31. For example, Plaintiff's counsel examined their billing and noted the time spent on the claims of Jared Summerville and Plaintiff's effort to file a First Amended and Substituted Complaint, which was ultimately denied by this Court. Plaintiff also deducted or reduced a portion of in-house conferences, Some of this work was not unproductive, excessive or redundant but rather was an entirely reasonable use of attorney time, yet Plaintiff's counsel chose to reduce their

---

[2]      *See also Aubrey v. Zamam, LLC*, No. 4:17CV446 JLH, 2018 U.S. Dist. LEXIS 202207, at *2-3 (E.D. Ark. Nov. 29, 2018) (approving as reasonable the uncontested hourly rates of $275.00, $225.00 and $175.00 for attorneys); *Burchell v. Green Cab Co.*, No. 5:15-CV-5076, 2016 U.S. Dist. LEXIS 29474, at *4-5 (W.D. Ark. Mar. 8, 2016) (approving over the objection of the defendant the hourly rates of $290.00 for attorney Josh Sanford, $225.00 for other attorneys of Sanford Law Firm, and $60.00 for "staff"); *Hendricks v. Inergy, L.P.*, 2014 U.S. Dist. LEXIS 6044, at *22 (E.D. Ark. Jan. 6, 2014) (approving the following rates in the FLSA context: $275.00 for partners; $225.00 for associates; and $110.00 for legal assistants); *Madden v. Lumber One Home Ctr., Inc.*, No. 4:10-cv-1162-JLH, 2013 U.S. Dist. LEXIS 183748, at *13 (E.D. Ark. May 22, 2013) (approving as reasonable the uncontested hourly rates of $275.00, $225.00 and $175.00 for attorneys; $100.00 for paralegals; $75.00 for legal assistants).

Page 8 of 11
Tommy Marshall v. MWF Construction, LLC, et al,
U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM
Motion for Attorney's Fees and Costs

fee request by $876.50. *See* Ex. 1, Invoice. Plaintiff's effort to voluntarily reduce fees further support the lodestar requested.

After subtracting hours billed through the exercise of billing judgment, Plaintiff's counsel is requesting an award of fees for 79.95 hours of legal services for this case. This compares favorably with fees awarded in other FLSA cases within this district. *See, e.g.*, *Beauford*, 2014 U.S. Dist. LEXIS 5039 (866.2 hours found to be reasonable in a seven-plaintiff FLSA action); *Madden v. Lumber One Home Ctr., Inc.*, 2013 U.S. Dist. LEXIS 183748, 16 (E.D. Ark. 5/22/2013) (234.36 hours found to be reasonable in a three-plaintiff FLSA action); *Pressler v. FTS USA*, LLC, 2011 U.S. Dist. LEXIS 62961, *1 (E.D. Ark. 6/2/2011) (222.55 hours found to be reasonable in a single-plaintiff FLSA action).

Finally, Section 216(b) of the FLSA also provides for an award of costs to a prevailing plaintiff. 29 U.S.C. § 216(b); *see also* Rule 54(d) (mandating an award of costs to a prevailing party). Costs recoverable under Rule 54(d) are identified in 28 U.S.C. § 1920. "Under the FLSA, however, 'costs include reasonable out-of-pocket expenses beyond those normally allowed under Rule 54(d) and 28 U.S.C. § 1920.'" *Hendricks v. Inergy, L.P.*, 2014 U.S. Dist. LEXIS 6044, at *22 (E.D. Ark. Jan. 6, 2014) (internal editing marks omitted); *Walton v. United Consumers Club*, 786 F. 2d 303, 316, 27 WH Cases 962 (7th Cir. 1986). "Reimbursement for travel, meals, lodging, photocopying, long-distance phone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are the types of litigation expenses that are recoverable under the FLSA as part of an attorneys' fee award." *Alex v. KHG of San Antonio, LLC*, 125 F. Supp. 3d 619, 630 (W.D. Tex. 2015).

**Page 9 of 11**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Motion for Attorney's Fees and Costs**

Plaintiff seeks $949.50 in costs. Costs are reflected on page 18 of the Invoice (Ex. 1), and fall into the categories of filing fees, service costs, and deposition transcript costs. The amount is correct and was necessarily incurred, and the services giving rise to the costs were actually and necessarily performed. *See* 28 U.S.C. § 1924; Decl. Sanford ¶ 32–33. Each cost is described sufficiently to demonstrate that the cost was necessary. Accordingly, Plaintiff requests an award of all costs.

## IV. CONCLUSION

Because Plaintiff's counsel has submitted complete documentation of the hours reasonably expended in litigating this case and have billed their time at reasonable rates, the lodestar fee is easily calculated and Plaintiff's counsel is entitled to the strong presumption that the lodestar fee should be awarded in full. Plaintiff's counsel are skilled attorneys with particular experience in FLSA cases. They took up the cause of an employee who was not in a position to pay for legal services, and bore the cost over more than a year of litigation. To satisfy Congress's intent that private attorneys should be encouraged to enforce the FLSA even on behalf of low-earning workers, Plaintiff's counsel should be awarded compensation commensurate with what they would have received from a paying client. Therefore, Plaintiff respectfully requests that his Motion for Costs and Attorneys' Fees be granted in its entirety and that Defendants be ordered to pay attorneys' fees of $16,981.75 and costs of $949.50, for a total of $17,931.25.

**Page 10 of 11**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Motion for Attorney's Fees and Costs**

Respectfully submitted,

**PLAINTIFF TOMMY MARSHALL**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 11 of 11**
**Tommy Marshall v. MWF Construction, LLC, et al,**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Motion for Attorney's Fees and Costs**