IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TOMMY MARSHALL**                                                    **PLAINTIFF**

vs.                                     No. 4:18-cv-254-BSM

**MWF CONSTRUCTION, LLC,**                                   **DEFENDANTS**
**and MATT FOSTER**

**CENTENNIAL BANK**                                              **GARNISHEE**

## BRIEF IN SUPPORT OF MOTION FOR
## ENTRY OF ORDER TO DISBURSE FUNDS

A writ of garnishment is a suit directed to a third party to determine whether the third party possesses property of the judgment debtor. *Moory v. Quadras, Inc.*, 333 Ark. 624, 970 S.W.2d 275 (1998); *New York Life Ins. Co. v. Cherry*, 185 Ark. 984, 50 S.W.2d 584 (1932). The effect of the service of a writ of garnishment is to impound all property in the hands of the third-party garnishee that belongs to the judgment debtor at the time of the service, or that may thereafter come into his or her possession up until the filing of a true and correct answer. *Harris v. Harris*, 201 Ark. 684, 146 S.W.2d 539 (1941). A writ of garnishment reaches all property of the judgment debtor in the hands of the third-party garnishee. Ark. Code Ann. § 16-110-401 provides in pertinent part:

> (a)(1) In all cases where any plaintiff may begin an action in any court of record, or before any justice of the peace, or may have obtained a judgment before any of the courts, *and the plaintiff shall have reason to believe that any other person is indebted to the defendant or has in his hands or possession goods and chattels, moneys, credits, and effects belonging to the defendant, the plaintiff may sue out a writ of garnishment,* setting forth the claim, demand, or judgment and commanding the officer charged with the execution thereof to summon the person therein named as garnishee, to appear at the return

**Page 1 of 3**
**Tommy Marshall v. MWF Construction, LLC, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Brief in Support of Motion for Entry of Order to Disburse Funds**

day of the writ and answer what goods, chattels, moneys, credits, and effects he may have in his hands or possession belonging to the defendant to satisfy the judgment, and answer such further interrogatories as may be exhibited against him.

Ark. Code Ann. § 16-110-401 (emphasis added). The procedural requirements for a writ of garnishment are laid out in Ark. Code Ann. § 16-110-401, and include specific notice language and service requirements. Ark. Code Ann. § 16-110-401(a), (b). "Strict compliance with garnishment statutes and judicial process is essential to the validity of garnishment proceedings," and only the court in which the judgment was rendered has authority to issue a garnishment thereon unless provided otherwise by statute. *Hervey v. Farms, Inc.*, 252 Ark. 881, 883, 481 S.W.2d 348, 349 (1972)

Plaintiff complied with the procedural requirements of Ark. Code Ann. § 16-110-401. Specifically, the required notice language was included in the Writ of Garnishment, as permitted by Ark. Code Ann. § 16-110-401(a)(2). *See* Writs of Garnishment. ECF Nos. 36 and 37. In addition, the Writs of Garnishment, along with Plaintiff's Allegations and Interrogatories to Garnishee Centennial Bank were properly served in the "same manner as a writ of summons" as required by the garnishment statutes. *See* Garnishee's Answers to Writs of Garnishment. ECF Nos. 38 and 39; Ark. Code Ann. § 16-110-401(b)(1)(A).

Plaintiff also filed his Allegations and Interrogatories to Garnishee Centennial Bank on the same day he requested the Writs of Garnishment. *See* Allegations and Interrogatories (ECF Nos. 36 and 37). Garnishee Centennial Bank subsequently responded to the Allegations and Interrogatories, admitting that it holds funds belonging to Defendants. *See* Garnishee's Answers to Writs of Garnishment. ECF Nos. 38 and 39.

Accordingly, this Court should find that Plaintiff has complied with all of the

**Page 2 of 3**
**Tommy Marshall v. MWF Construction, LLC, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Brief in Support of Motion for Entry of Order to Disburse Funds**

procedural requirements demanded of him such that an Order directing Garnishee Centennial Bank to disburse the funds at issue should be entered in this case.

WHEREFORE, premises considered, Plaintiff Tommy Marshall respectfully requests that the Motion for Entry of Order to Disburse Funds be granted and for all other proper relief.

Respectfully submitted,

**PLAINTIFF TOMMY MARSHALL**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 3 of 3**
**Tommy Marshall v. MWF Construction, LLC, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 4:18-cv-254-BSM**
**Brief in Support of Motion for Entry of Order to Disburse Funds**